## WALTER SIMONSON v.
## HOWARD V. BERGSTROM AND ANOTHER.

235 N. W. 2d 389.

November 7, 1975—No. 45403.

*Clifford F. Hansen,* for appellant.

*James B. Cullen, Melvin B. Goldberg,* and *Kevin Burke,* Legal Assistance to Minnesota Prisoners, for respondent.

PER CURIAM.

This is an action to recover damages for alleged defamation of character brought by plaintiff, who had previously been convicted of the offense of receiving and concealing stolen property. Plaintiff alleges his conviction was facilitated by defendants' cooperation with the police in his apprehension and by the testimony of one of the defendants at his trial. Plaintiff's criminal conviction was affirmed by this court in State v. Simonson, 298 Minn. 235, 214 N. W. 2d 679 (1974).

After the affirmance of the criminal conviction, plaintiff sought to amend his complaint to allege a conspiracy to defame. The trial court denied the motion to amend and granted defendant Howard V. Bergstrom's motion for summary judgment. One of the arguments in support of the motion for summary judgment was that plaintiff's criminal conviction had been deter-

mined with ultimate finality and that the amended complaint contained no new material not previously pleaded. In our opinion, the trial court correctly granted summary judgment.

Plaintiff's cause of action is in fact a collateral attack upon his conviction through a civil proceeding in which he seeks to prove his innocence and recover damages. We stated in The Travelers Ins. Co. v. Thompson, 281 Minn. 547, 552, 163 N. W. 2d 289, 293 (1968), appeal dismissed, 395 U. S. 161, 89 S. Ct. 1647, 23 L. ed. 2d 175 (1969):

"* * * These authorities reflect a uniform wariness on the part of courts about permitting one whose guilt has been fully determined by proof beyond a reasonable doubt to embarrass the judicial process by prevailing in a subsequent civil action involving the same facts and thereby to profit from the crime for which he was convicted."

Plaintiff had a full opportunity during his criminal trial to litigate the issues raised in this civil action. The issue of his guilt was determined by a jury beyond a reasonable doubt and was affirmed by this court. Again referring to The Travelers Ins. Co. v. Thompson, 281 Minn. 555, 163 N. W. 2d 294:

"* * * We are constrained to the view that to permit a retrial of the facts and issues already determined in the criminal proceeding would be an imposition on the courts and only tend to embarrass or bring into disrepute the judicial process."

Therefore, plaintiff's complaint failed to state a claim on which could be based a cause of action, and the summary judgment for defendant must be affirmed.

Affirmed.